IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Forrest Kelly Samples, #185092,   )<br>                                                        )<br>                    Plaintiff,        )<br>                                                        )<br>  vs.                                               )<br>                                                        )<br> SCDC; Lee CI Investigator Greer; Lee    )<br>CI Head of Contraband Capt.       )<br>StoneBreaker,                                )<br>                                                        )<br>                    Defendants.   )<br>                                                        ) | C/A No.: 1:12-2472-MGL-SVH<br><br><br>REPORT AND RECOMMENDATION |

     Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution. He brings this action alleging violations of 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC") and prison employees. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss defendant SCDC from this action without prejudice and without issuance and service of process. In a separately-docketed order, the undersigned has authorized service against Defendants Lee CI Investigator Greer and Lee CI Head of Contraband Capt StoneBreaker.

I.      Factual and Procedural Background

     Plaintiff alleges that on June 6, 2012, SCDC employees transferred him from Lee Correctional Institution ("Lee CI") to Broad River Correctional Institution. [Entry #1 at 3]. He claims that an SCDC employee told him that SCDC would not also transfer his

personal property, including a box containing his legal materials. *Id.* Plaintiff alleges that he complained to SCDC personnel and filed grievances about not having his legal documents. *Id.* Plaintiff further alleges that his grievances have gone unanswered. *Id.* at 4.

Plaintiff's criminal case went to trial on June 18, 2012. *Id.* He asserts that he had to go to trial without any of his legal documents. *Id.* at 4. He alleges he was found guilty and sentenced to five consecutive years in prison, but contends that he might have won his case if he had been given his legal documents. *Id.*

In his prayer for relief, Plaintiff alternatively seeks compensation for his sentence if his legal box is not recovered or, if the box is recovered, asks that he able to use his documents to prove his case on direct appeal or through post-conviction relief. *Id.* at 5. He also asks that SCDC pay for any documents that have to be replaced for him to be able to begin motions on crimes for which he was already serving time. *Id.*

II.   Discussion

A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint

2

lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To the extent that Plaintiff seeks to establish a claim against SCDC, he is barred from so doing.[1] The Eleventh Amendment provides, "[t]he Judicial power of the United

---

[1] In the normal course, Plaintiff would be required to exhaust his administrative remedies before proceeding with this case. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, 82 F.3d 410 at *1 (4th Cir. 1996). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as SCDC, share this immunity when they are the alter egos of the state. *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). Therefore, SCDC should be summarily dismissed from this suit in light of its Eleventh Amendment immunity.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendant South Carolina Department of Corrections be dismissed from this case without prejudice and without issuance and service of process.

---

F.3d 1022, 1025 (7th Cir. 2002). Because Plaintiff alleges there has been no response to his numerous grievances, the court cannot use this ground to summarily dismiss his complaint. *See Hill v. O'Brien*, 387 F. App'x 396, 401 (4th Cir. 2010) (finding a question of fact existed where an inmate alleged he requested forms and a counselor refused to provide them, destroyed them, or failed to respond to them).

    IT IS SO RECOMMENDED.

January 11, 2013                                      Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).