IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Forrest Kelly Samples, #185092, | ) | C/A No.: 1:12-2472-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lee CI Investigator Greer; and Lee CI Head of Contraband Capt. Stonebreaker, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He brings this action alleging violations of 42 U.S.C. § 1983 while previously incarcerated at the Lee Correctional Institution ("LCI") on a life sentence for murder. [Entry #40-3 at 2]. He sues LCI Investigator Greer and LCI Contraband Captain Stonebreaker ("Defendants"). This matter is before the court on the following motions: (1) Plaintiff's Motion to Intervene [Entry #33], and (2) Defendants' motion to dismiss [Entry #40]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

Plaintiff alleges that on June 6, 2012, SCDC employees transferred him from LCI to Broad River Correctional Institution. [Entry #1 at 3]. He claims that an SCDC employee told him that SCDC would not transfer his personal property, including a box

containing his legal materials. *Id.* Plaintiff alleges that he complained to SCDC personnel and filed grievances about not having his legal documents. *Id.* Plaintiff further alleges that his grievances have gone unanswered. *Id.* at 4.

On June 18, 2012, Plaintiff went to trial on a criminal charge for attempting to escape from prison in August 2007. *Id.* He asserts that he had to go to trial without any of his legal documents. *Id.* at 4. He alleges he was found guilty and sentenced to five consecutive years in prison, and he contends that he might have won his case if he had been given his legal documents. *Id.* In his prayer for relief, Plaintiff seeks compensation for his sentence if his legal box is not recovered or, if the box is recovered, asks that he able to use his documents to prove his case on direct appeal or through post-conviction relief. *Id.* at 5.

II.     Discussion

   A.     Motion to Intervene

In his motion to intervene, Plaintiff seeks a court order requiring SCDC and/or Perry Correctional Institution, where he is currently incarcerated, to give him access to the law library in accordance with SCDC policies. Because the relief Plaintiff seeks is injunctive in nature, the undersigned treats the motion as one for a preliminary injunction.

   1.     Preliminary Injunction Standard

The court may only grant injunctive relief, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339

(4th Cir. 2001). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 550 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 550 U.S. at 20–22; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*).

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Fed. Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* court expressly rejected and overruled the *Blackwelder* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 21–22.

2. Analysis

In his motion for preliminary injunction, Plaintiff seeks an order requiring a non-party to this case to allow him access to the law library in accordance with SCDC policies. As an initial matter, Plaintiff's motion should be denied because it seeks relief from an entity that is not a party to this action. Additionally, Plaintiff has not demonstrated a clear likelihood of success on the merits. Although Plaintiff has a constitutional right to access the courts that may be implicated by denial of access to a law library, Plaintiff has not sufficiently pled facts showing he has been denied access to the courts. Although Plaintiff claims that his law library time has been "cut in half" [Entry #33], he has not shown an actual injury. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353–54.

Plaintiff has also failed to make a clear showing that he will suffer irreparable harm if he is not given the access he requests. Plaintiff has not shown that he would be able to successfully prosecute his claims if he were given greater access to the law library. In fact, Plaintiff's motion lacks specific allegations regarding when he was allegedly denied proper law library access and why he needed the specific access requested.

Plaintiff has not shown that the balance of equities tips in his favor. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

Finally, Plaintiff has not shown that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions where the record contains only Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's motion be denied.

B. Motion to Dismiss

1. Standard for Dismissal

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12. This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably

5

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

        2.      Analysis

According to Plaintiff, Defendants allegedly confiscated Plaintiff's legal documents, resulting in a state criminal conviction and five year sentence. [Entry #1 at 3–4]. The Fourth Circuit has held that "destruction or unreasonable seizure or tampering with important legal materials is an unconstitutional interference with a prisoner's right of access to the courts." *Bryant v. Muth*, 994 F.2d 1082, 1087 (4th Cir. 1993). An inmate must allege a specific injury resulting from the alleged denial of court access to state a cognizable constitutional claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded).

Here, although Plaintiff argues that he might have won his trial if he had access to his legal documents, he provides no facts as to what legal materials he was missing or how they would have helped him win his trial. Without specific information regarding the legal materials, Plaintiff's claim of injury rests on mere speculation or conjecture, which is insufficient to state a violation of constitutional rights under 42 U.S.C. § 1983. *See U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (finding speculative claim insufficient to support a finding of actual prejudice); s*ee also Cochran,* 73 F.3d at 1317 ("Specificity is

necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").

Further, the complaint indicates that Attorney Anastasia L. Walker acted as Plaintiff's defense counsel during his criminal proceedings on June 19, 2012. [Entry #1 at 4]. It is well-established that "representation by counsel negates a prisoner's claim of inadequate access to the courts." *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (prisoner's right to meaningful court access may be satisfied by providing prisoner with "adequate assistance from persons trained in the law"); *see also Horton v. Berkebile*, C/A No. 5:10-290, 2012 WL 5825691, at *7 n. 5 (S.D.W.Va. Oct. 26, 2012) (collecting cases). As it is clear from the complaint that appointed counsel represented Plaintiff during his state criminal proceedings in June 2012, Plaintiff's access to court claim based on Defendants' alleged confiscation of legal documents must fail.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion to intervene [Entry #33] be denied and Defendants' motion to dismiss [Entry #40] be granted.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

May 30, 2013                                         Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).